86 F.3d 1147
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Mauricio HENAO, A/k/A Nelson Ramirez, Defendant, Appellant.
 No. 96-1051.
 United States Court of Appeals, First Circuit.
 June 18, 1996.
 
 Appeal from the United States District Court for the District of Rhode Island [Hon. Ronald R. Lagueux, U.S. District Judge]
 William V. Define, Jr. on brief for appellant.
 Sheldon Whitehouse, United States Attorney, Margaret E. Curran and Stephanie S. Browne, Assistant United States Attorneys, on brief for appellee.
 D.R.I.
 AFFIRMED.
 Before SELYA, CYR and BOUDIN, Circuit Judges.
 PER CURIAM.
 
 
 1
 After a careful review of the parties' briefs and the record, we find no reason to reverse the mandatory minimum sentence imposed by the district court under 21 U.S.C. § 841(b)(1)(B). The district court found that the defendant was not entitled to relief from the mandatory minimum sentence because he had not truthfully provided to the government all the information he had concerning the offenses. See 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2. That determination is supported by the applicable law and the information presented at the sentencing hearing.
 
 
 2
 In his last-minute letter to the government, the defendant acknowledged that the drug transaction occurred in his apartment but, claiming his co-defendant obtained the drugs, disclaimed any knowledge of where the cocaine came from. But, in addition to the kilogram offered in the transaction, the defendant's apartment contained two other caches of cocaine. Further, there were other indicia that the defendant was a professional drug dealer (the large amount paid by the defendant to enter the country illegally to take a low-paying job; defendant's possession of a beeper; and defendant's significant role in the transaction).
 
 
 3
 Accordingly, the district judge was fully entitled to conclude that the defendant's role was not, as he claimed, that of a mere middle man in one transaction and that the defendant, if he had wanted, could have told the government more about the origins of the cocaine and the workings of the operation. Defendant bore the burden to persuade the court that the safety valve conditions had been met, United States v. Montanez, 82 F.3d 520, 523 (1st Cir.1996); and, reviewing the district court's contrary decision under the clear error standard, id., we have no basis for overturning the district court's decision or any reason to reach the alternative finding that the defendant is disqualified from safety valve relief as a "manager."
 
 
 4
 Affirmed. Loc. R. 27.1.